# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
|---|---|
| VERSUS | NO: 19-162 |
| TERRENCE ROLLINS | SECTION: T |

## ORDER

Before the Court is a Motion to Dismiss for the Government's Failure to Comply with the Speedy Trial Act and Violation of Rule 48 of the Federal Rules of Criminal Procedure[1] filed by Terrence Rollins ("Defendant"). The government has filed an opposition.[2] Having considered the motion, the memorandum in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

## BACKGROUND

On August 1, 2018, Defendant was arrested by the New Orleans Police Department for violations of state firearms law and state drug laws.[3] Defendant remained in state custody until August 30, 2019,[4] when he made his initial appearance in magistrate court.[5] On August 22, 2019, Defendant was charged with violations of the Federal Controlled Substances Act and the Federal Gun Control Act by a five-count indictment. On January 16, 2020, the government filed a superseding indictment revising the charges to only two counts.[6] Specifically, Count 1 charges that

---

[1] R. Doc. 34.
[2] R. Doc. 40.
[3] R. Doc. 34-1, p.2.
[4] R. Doc. 34-1, p.2.
[5] R. Doc. 8.
[6] R. Doc. 41.

on August 1, 2018. Defendant possessed with intent to distribute heroin, a Schedule I drug controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C), and cocaine hydrochloride, a Schedule II drug controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C). Count 2 charges that on August 1, 2018, Defendant possessed seven firearms in furtherance of drug trafficking crimes, to wit: possession with intent to distribute heroin, cocaine hydrochloride, and cocaine base, as charged in Count 1, all in violation of Title 21, United States Code, §924 (c)(1)(A)(i).

On January 6, 2020, Defendant filed a motion to dismiss contending that the indictment should be dismissed because it was filed more than thirty days after his arrest in violation of the Speedy Trial Act and that the trial was delayed beyond the seventy-day period required by the Speedy Trial Act.

## LAW AND ANALYSIS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." "A literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins."[7] "Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause."[8] The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial, and also to serve the public's interest in prompt criminal proceedings."[9]

---

[7] *United States v. MacDonald*, 456 U.S. 1, 7 (1982).
[8] *Id.*
[9] *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) (*citing United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007)).

### A. The indictment was timely filed under the Speedy Trial Act.

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[10] Should the Government fail to file an indictment or information within thirty days after the defendant's arrest, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."[11] The Speedy Trial Act excludes certain periods of delay, however, in computing the 30-day window.[12] Specifically, the Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant," including but not limited to "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[13]

In this case, Defendant was arrested by the New Orleans Police Department on August 1, 2018. Defendant remained in state custody until August 30, 2019, and the indictment was filed on August 22, 2019. Defendant contends the government violated his speedy trial rights by failing to file the indictment within thirty days of Defendant's arrest. The government contends that the state and federal governments are independent and sovereign jurisdictions, and that the time Defendant accrued in state court is separate from the time accruing in the federal case.

The Fifth Circuit has held that an arrest made by state law enforcement officers—even if they are cooperating with federal authorities—does not trigger the running of the 30–day time period under § 3161(b).[14] Thus, the Defendant's arrest by the New Orleans Police Department did

---

[10] 18 U.S.C. § 3161(b).
[11] 18 U.S.C. § 3162(a)(1).
[12] 18 U.S.C. § 3161(h).
[13] 18 U.S.C. § 3161(h)(1)(D).
[14] *See United States v. Charles*, 883 F.2d 355, 356 (5th Cir.1989).

not trigger the running of the thirty-day time period. Instead, the government was required to file the indictment within thirty days of August 30, 2019 when Defendant was moved into federal custody. Therefore, the government met the thirty-day time period requirement by filing the indictment on August 22, 2019.[15]

### B. The trial will begin within the time period required by the Speedy Trial Act.

Under the Speedy Trial Act, Defendant's trial was required to commence no later than seventy days from his first appearance before the federal magistrate judge. However, the Act contains several technical exclusions that allow extension of this seventy-day period due to delays such as the defendant's involvement in another trial or the court's consideration of pre-trial motions.[16]

On August 30, 2019, Defendant first appeared before the Magistrate Judge. Trial was originally set sixty-six days later, on November 4, 2019.[17] On October 29, 2019, Defendant's trial was continued until December 16, 2019,[18] and the Court ordered that the period of delay resulting from the granting of the continuance should be excluded under the provisions of the Speedy Trial Act.[19] On November 18, 2019, Defendant's trial was continued until January 27, 2020, and the Court ordered that the period of delay resulting from the granting of the continuance should be excluded under the provisions of the Speedy Trial Act.[20] On January 21, 2020, the Court continued the trial until January 29, 2020 and ordered that the period of delay resulting from the granting of the continuance should be excluded under the provisions of the Speedy Trial Act. Because the time

---

[15] R. Doc. 1.
[16] *See* 18 U.S.C. § 3161(h).
[17] R. Doc. 13.
[18] R. Doc. 27.
[19] R. Doc. 27.
[20] R. Doc. 32.

delay during the continuances was excluded under the provisions of the Speedy Trial Act, Defendant's trial will timely begin sixty-six days after first appearance before the Magistrate Judge.[21]

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss is **DENIED.**

**New Orleans, Louisiana**, on this  22nd  day of January, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[21] Because the government's superseding indictment has eliminated Count 4, the Court need not address the merits of Defendant's motion to dismiss related to Count 4.